## BYRD *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 1, September Term, 1959 (Adv.).]

*Decided June 9, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

Per Curiam.

This is the second time that a petition for leave to appeal in this Post Conviction Procedure Act case has come to this Court. On the first occasion leave to appeal was granted because of the failure of the Circuit Court for Montgomery County to appoint counsel for the petitioner, and the case was remanded for the appointment of counsel and for consideration of the new point raised by the application which had not been raised by his previous petitions for the writ of *habeas corpus. Byrd v. Warden,* 219 Md. 681, 147 A. 2d 701. Such appointment has been made and such consideration has been had.

Byrd's two applications for leave to appeal in *habeas corpus* proceedings are reported under the title *Byrd v. Warden* at 210 Md. 662, 124 A. 2d 284, and 216 Md. 656, 140 A. 2d 694. In the latter case *certiorari* was denied by the Supreme Court, 357 U. S. 922. The applicant has also filed a petition for a writ of *habeas corpus* in the United States District Court for the District of Maryland, which has been denied. We are not informed of the grounds for that petition.

In the instant case, the applicant's new point has been passed upon adversely to him by Judge Pugh, and it presents the only question now sought to be raised by the applicant. Byrd claimed that former Judge Woodward, before whom he was tried and convicted, had told him after the trial that his appeal to the Court of Appeals would be perfected for him by the Circuit Court for Montgomery County. A hearing was held before Judge Pugh, at which the applicant was represented by court appointed counsel. It was shown that an appeal had been duly entered on behalf of the applicant by counsel who had represented him at the trial, who was of his own choosing. The appeal was never perfected. The applicant testified in support of his claim, Judge Woodward denied having ever made any such statement as that alleged by the applicant, and Judge Pugh found as a fact that no such statement had been made.

Because of the Circuit Court's finding of fact upon this contention, which is the only contention urged herein either in

the trial court or on this application, we find it unnecessary to pass upon the State's contention that the applicant's failure to raise this contention earlier in the *habeas corpus* proceedings which he instituted amounts to a waiver of the point so as to preclude relief to him under Code (1958 Supp.), Art. 27, Sec. 645A (a), a part of the Post Conviction Procedure Act.

We find no basis for granting leave to appeal to review that finding of fact.

*Leave to appeal denied.*